UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

KARTIK PATEL,
      Plaintiff,

v.

DEFENDANT "1" a/k/a "Frank Graff",
DEFENDANT "2" a/k/a "Anna Mayer",
DEFENDANT "3" a/k/a "Sofia"
ref(referred to collectively as "Frank Investment Team") and JOHN DOES 1-20, as of yet unidentified Individuals, Business Entities and/or Unincorporated Associations,
      Defendants.

CASE NO. 3:23-cv-24651-MCR-ZCB

## PLAINTIFF'S MOTION TO TRANSFER THE CASE TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. 1406(a)

Plaintiff, KARTIK PATEL, hereby moves to transfer his lawsuit to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. 1406(a). When Plaintiff initially filed his lawsuit in this district, he believed there were sufficient minimal contacts with the state of Florida to exercise jurisdiction over the Defendants. However, considering the Court's thorough and well-reasoned order issued on June 5, 2024,[1] Plaintiff hereby respectfully requests that, in the interest of

---

[1] The court indicated in its Order dismissing Wuquan Cheng could have implications on other cases. However, there are factual distinctions that make personal jurisdiction argument stronger in some of those cases. For example, in Blum v Defendant 1 et al., 3:23-cv-224734, Plaintiff traced the IP address of the fraudulent exchange platform that was used to defraud Mr. Blum to

1

justice, his case be transferred rather than dismissed.

I.   Background.

Plaintiff was a victim of a sophisticated cryptocurrency scam. At the time that he filed his lawsuit, he believed that a portion of his assets were transferred to Binance.com, an affiliate of BAM Trading Services, Inc. At the time, BAM Trading Services Inc., Binance.US and Binance.com were controlled by Changpeng Zhao. The SEC brought a complaint against Binance Holdings Limited, BAM Trading Services Inc, BAM Management US Holdings Inc., and Changpeng Zhao. *See* Exhibit A. In the SEC's complaint, it alleged that "while Zhoa and Binance publicly claimed that Binance.US was created as a separate, independent trading platform for U.S. investors, Zhoa and Binance secretly controlled the Binance.US platform's operations behind the scenes." The SEC further alleged that "Zhao and Binance exercise control of the platforms' customers' assets, permitting them to commingle customer assets or divert customer assets as they please, including to an entity Zhao owned and controlled called Sigma Chain." *Id*. Therefore, Plaintiff reasonably believed at the time that he filed his lawsuit that a portion of his assets may have been commingled with assets held on the Binance.US platform. However, Plaintiff does not have evidence at this time that Binance.US controlled any of Plaintiff's

---

Miami, Florida, where one of the Defendants claimed to be located. This fact is distinct from the present matter supports a finding or personal jurisdiction in that case.

stolen assets. Given this, Plaintiff believes personal jurisdiction over the remaining Defendants is tenuous. Because of this, Plaintiff concedes that the judgments entered in this case should be set aside. However, Plaintiff does not believe dismissal of the action is necessary. Rather, Plaintiff believes that in the interest of justice it would be appropriate to transfer his lawsuit to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

## II. In the interest of justice, transfer pursuant to 28 U.S.C. § 1406(a) is appropriate.

The Court has discretion to transfer this case to the District of New Jersey pursuant to U.S.C § 1406(a) rather than dismiss it. *Naartex Consulting Corp. v. Watt*, 722 F.2D 779, 790 (D.C. Cir. 1983) ("the decision whether transfer or dismissal is in interests of justice rests within sound discretion of the district court."); see also *Coté v. Wadel*, 796 F.2d 981 (7th Cir. 1986) (district court has broad discretion to grant or deny motion to transfer case to different district for improper venue, for convenience of parties and witnesses, or in interest of justice). "Transfer of venue is appropriate when procedural obstacles impede an expeditious and orderly adjudication on the merits," including the procedural obstacle of personal jurisdiction. *Hazel v. Lappin*, 614 F.Supp.2d 66 (D.D.C. 2009); see *Atwal v. Myer*, 841 F.Supp.2d 364 (D.D.C. 2012); see also *Sinclair v. Kleindienst*, 711 F.2d 291, 229 (U.S. App. D.C. 13 1983). "Lack of personal jurisdiction [can] be cured by transfer to a district court in which personal jurisdiction [can] be exercised, with the

3

transfer authority derived from § 1406(a). *SongByrd, Inc. V. Estate of Grossman*, 206 F.3d. 172, 179 n.9 (2d Cir. 2000). Thus, Section 1406(a) provides the option of transfer as an alternative to the harshness of dismissal.

In *Margulis v. Stryker Corporation*, the court held that transfer of a case from Southern District of Florida to District of New Jersey, rather than dismissal, was appropriate pursuant to §1406(a). *Marguilis v. Stryker Corp.*, 377 F. Supp. 3d 1367, 1369 (S.D. Fla. 2019). In *Margulis*, Defendants moved to dismiss on personal jurisdiction grounds, as Plaintiff was a resident of Argentina and Defendant had a principal place of business in New Jersey; neither were citizens of Florida. Plaintiffs suggested that the ultimate relief Defendants sought in their personal jurisdiction argument could be relieved by transferring the case to the District of New Jersey, which was home to Defendant, to which the court agreed. *Id.* "The language of §1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction or not." *Id.* citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67, 82 S. Ct. 913, 8 L.Ed.2d 39 (1962).

This case could have initially been brought in the District of New Jersey, as the District of New Jersey has both personal jurisdiction and subject matter jurisdiction over this action and the parties involved. Venue is proper in the District of New Jersey pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C.§ 1391(b) and

(c). Plaintiff, KARTIK PATEL is a resident and citizen of New Jersey and accessed the fraudulent platform through which the fraudulent transfers occurred in the State of New Jersey. "A district court lacking personal jurisdiction may transfer a case to a district court in which personal jurisdiction exists." *City Partners, Ltd. V. Bradford Co.,* 484 F.Supp. 538 (S.D. Fla. 1980). Defendants are subject to personal jurisdiction in New Jersey district, where they directed their fraudulent communications, where Plaintiff accessed the fraudulent website and mobile application (Kex-io), where Plaintiff transferred his assets to the fraudulent exchange and where he suffered significant economic harm.

Subject matter jurisdiction over this matter can be established in the District of New Jersey, as diversity jurisdiction exists. Plaintiff is a citizen of the State of New Jersey. Based on evidentiary support provided by the Middlesex County Prosecutor's Office, Defendants are Chineze citizens; therefore, diversity of jurisdiction exists between the parties.

Multiple factors support transfer to the District of New Jersey, including: the locus of operative facts, as the theft occurred in New Jersey; the location of relevant documents and the relative access to sources of proof, which includes Plaintiff's continued efforts to collaborate with the Middlesex County Prosecutor's Office; and trial efficiency and the interests of justice, as a transfer versus a dismissal in this case would preserve both the valuable time of the judiciary as well as the parties.

### III.     Conclusion.

For the foregoing reasons, Plaintiff concedes that the judgments entered in this matter should be set aside. Rather than dismiss the lawsuit, Plaintiff respectfully requests that the Court transfer this action to the District of New Jersey pursuant to 28 U.S.C. 1406(a).

Dated: June 20, 2024.                              Respectfully submitted,

By: /s/ Daniel J. Thornburgh
Daniel J. Thornburgh
Fla. Bar No. 42661
**AYLSTOCK, WITKIN,**
**KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Fax: 850-916-7449
dthornburgh@awkolaw.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system. Additionally, a true and correct copy was uploaded to the Plaintiff's Service Website (https://usdccourtservice.com/cv-24651/).

Respectfully submitted,

By: /s/ Daniel J. Thornburgh
Daniel J. Thornburgh
Fla. Bar No. 42661
**AYLSTOCK, WITKIN,
KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Fax: 850-916-7449
dthornburgh@awkolaw.com

*Attorney for Plaintiff*